UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV 20-4561-MWF (PLAx)     Date: July 21, 2020
Title:    Abelardo Martinez v. QVC, Inc.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER RE MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT [8]

Before the Court is Plaintiff Abelardo Martinez, Jr.'s Motion to Remand (the "Motion"), filed on June 22, 2020. (Docket No. 8). Defendant QVC, Inc. ("QVC") filed an Opposition on June 29, 2020. (Docket No. 12). Plaintiff filed his Reply on July 6, 2020. (Docket No. 14).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on July 20, 2020, pursuant to the Court's Continuity of Operations Plan arising from the COVID-19 pandemic.

The Motion is **GRANTED**. The ADA is not a necessary component of Plaintiff's Unruh Act claim, as Plaintiff also alleges that QVC's actions constitute intentional discrimination. It appears that QVC's arguments are based primarily on an incorrect reading of the Complaint, as Plaintiff specifically alleges intentional discrimination. Because Plaintiff alleges an alternative theory to the ADA for the Unruh Act claim, the Court has no federal question jurisdiction, and the action must be remanded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-4561-MWF (PLAx)**               **Date:  July 21, 2020**
**Title:      Abelardo Martinez v. QVC, Inc.**

## I.      BACKGROUND

On May 13, 2020, Plaintiff commenced this action in the Los Angeles County Superior Court.  (*See* Notice of Removal ("NoR"), Ex. A, Complaint (Docket No. 1-1)).

The Complaint alleges as follows:

Plaintiff is a blind individual who requires screen reading software to read website content and access the internet.  (*Id*. ¶ 4).  Blind individuals may access websites by using keyboards in conjunction with screen reading software that vocalizes visual information on a computer screen.  (*Id*. ¶ 13).  Screen access software provides the only method by which a blind person may independently access the internet.  (*Id*.).  Unless websites are designed to be read by screen reading software, blind persons are unable to fully access websites and the information, products and services, privileges, advantages, and accommodations contained thereon.  (*Id*.).

The international website standards organization, W3C, has published version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0").  (*Id*. ¶ 14).  WCAG 2.0 are well-established, industry standard guidelines for ensuring websites are accessible to blind and visually-impaired people.  (*Id*.).  These guidelines are successfully followed by numerous large business entities to ensure their websites are accessible.  (*Id*.).  These guidelines recommend several basic components for making websites accessible including, but not limited to, adding invisible alternative text to graphics, ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible, and adding headings so that blind people can easily navigate websites.  (*Id*.).  Without these very basic components, a website will be inaccessible to a blind or visually-impaired person using a screen reader.  (*Id*.).

QVC maintains its website, http://www.qvc.com/ (the "Website") in such a way that the Website contains numerous access barriers preventing Plaintiff, and other blind and visually-impaired individuals, from gaining equal access to the Website.  (*Id*. ¶ 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-4561-MWF (PLAx)          **Date:** July 21, 2020
**Title:** Abelardo Martinez v. QVC, Inc.

The Website, which is open to the public, provides access to QVC's array of products and services, including descriptions of its products, amenities and services, an online shop, and many other benefits related to its products and services. (*Id*. ¶ 9).

Specifically, the Website's barriers are pervasive and include missing alternative text, empty buttons, empty or missing form labels, and redundant links where adjacent links go to the same URL address which results in additional navigation and repetition for keyboard and screen reader users. (*Id*. ¶ 18). Due to the inaccessibility of the Website, blind and otherwise visually impaired customers who use screen readers are hindered from effectively browsing for QVC's products, amenities and services, privileges, advantages, and accommodations that exist online unlike sighted users. (*Id*. ¶ 19). If the Website were accessible, Plaintiff would independently and privately investigate QVC's products, services, privileges, advantages, accommodations, and amenities, as sighted individuals can and do. (*Id*.).

While Plaintiff genuinely wants to avail himself of QVC's goods and services as offered on its Website, Plaintiff has a dual motivation: he is also a "tester." (*Id*. ¶ 8). Plaintiff has filed multiple lawsuits against various operators of commercial websites under the Unruh Act as part of Plaintiff's advocacy work on behalf of the civil rights of visually-impaired persons. (*Id*.). Plaintiff intends to continue to engage in such advocacy work into the foreseeable future to ensure that the Website and others are fully and equally enjoyable to and usable by visually-impaired persons, including himself. (*Id*.).

QVC's denial of full and equal access to its Website, and therefore its products and services offered thereby, is a violation of Plaintiff's rights under California's Unruh Civil Rights Act (the "Unruh Act"). (*Id*. ¶ 4). Based on the above allegations, Plaintiffs asserts one claim for relief under the Unruh Act. (*Id*. ¶¶ 21–28). The Complaint pleads two alternative theories for the Unruh Act. First, Plaintiff alleges that QVC's actions "constitute intentional discrimination against Plaintiff on the basis of a disability" in violation of the Unruh Act. (*Id*. ¶ 24). Second, Plaintiff alleges that QVC "is also violating the Unruh Civil Rights Act because the conduct alleged herein likewise constitutes a violation of various provisions of the" Americans With

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-4561-MWF (PLAx)          **Date:** July 21, 2020
**Title:** Abelardo Martinez v. QVC, Inc.

Disabilities Act ("ADA") and "a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act." (*Id*. ¶ 25).

On May 21, 2020, QVC timely removed the action, invoking the Court's diversity jurisdiction and asserting that Plaintiff's reference to the ADA in the Complaint gave the Court federal question jurisdiction. (*See generally* NoR).

## II.   DISCUSSION

QVC: plaintiff has made same allegation against bunch of companies based on intentional/willful conduct, face neutral policy not enough, don't have sufficient facts, didn't waive anything re motion for judgment on pleadings.

Plaintiff argues that the action should be remanded because the Complaint's mere mention of the ADA does not confer federal jurisdiction on this Court. (*See generally* Motion). Specifically, Plaintiff argues that (i) the Complaint does not allege an ADA cause of action; (ii) the artful pleading doctrine does not apply; and (iii) Plaintiff's Unruh Act claim does not necessarily rely on construction of a substantial, disputed federal question. (*Id*. at 3-14).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Additionally, "[w]hen a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-4561-MWF (PLAx)          **Date:** July 21, 2020
**Title:**     Abelardo Martinez v. QVC, Inc.

federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). This is because "[f]ederal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim." *Wander v. Kaus*, 304 F.3d 856, 859-60 (9th Cir. 2002) (no federal question jurisdiction over California Disabled Persons Act claim even though element of claim was ADA violation because "actions for damages under the DPA necessarily involve issues outside the scope of Title III of the ADA").

QVC does not dispute that the Complaint does not allege an ADA cause of action, or that the artful pleading doctrine does not apply; instead, QVC argues that because Plaintiff's "Unruh Act claim is based *solely* on ADA violations" this Court has federal question jurisdiction. (Opposition at 1; 13-14) (emphasis added).

QVC is wrong for these reasons:

*First*, even if an Unruh Act claim premised exclusively on an ADA violation conferred federal question jurisdiction, the Complaint makes it clear that Plaintiff's Unruh Act claim is *not* premised exclusively on an ADA violation. Specifically, the Complaint alleges two alternative theories of liability for the Unruh Act – intentional discrimination (Complaint ¶ 24) and violations of the ADA (*id*. ¶ 25). Plaintiff also did more that state the intentional discrimination as a bald legal conclusion. (*Id.*). Accordingly, QVC's arguments regarding cases where an Unruh Act claim is premised *exclusively* on an ADA violation do not apply to this action.

*Second*, the Court agrees with the overwhelming caselaw cited by Plaintiff remanding Unruh Act cases premised at least in part on intentional discrimination rather than an ADA violation. *See, e.g.*, *Martinez v. Greatcollections.com, LLC*, No. 8:19-CV-1647 JLS (KESx), 2019 WL 4742299, at *1 (C.D. Cal. Sept. 27, 2019) ("Therefore, where a plaintiff pursues a non-ADA theory of liability—even he pursues a concurrent theory premised on an ADA violation—no federal question is a necessary element of his Unruh Act claim, and federal jurisdiction does not attach."); *Rendon v. Bracketron Inc.*, No. 2:19-CV-8896 ODW (JEMx), 2020 WL 65075, at *2 (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.  CV 20-4561-MWF (PLAx)** | **Date:  July 21, 2020** |
| **Title:**     Abelardo Martinez v. QVC, Inc. | |

Jan. 7, 2020) ("In his Complaint, [plaintiff] pleads alternate theories of liability, that [defendant] violated Unruh by (1) intentionally discriminatory conduct (Compl. ¶ 24) and (2) violation of the ADA (Compl. ¶ 25).  Thus, the federal law theory is not a necessary element of the Unruh claim and federal question jurisdiction does not attach."); *Mejico v. Minneapolis Rag Stock Co.*, No. CV 19-9399 FMO (MRWx), 2019 WL 6169918, at *2 (C.D. Cal. Nov. 19, 2019) ("[T]he fact that plaintiff relies in part on ADA violations as the basis for her state claim is insufficient to confer federal question jurisdiction."); *Martinez v. Adidas America*, No. 5:19-cv-00841 JGB (KKx), 2019 WL 3002864, at *5 (C.D. Cal. July 9, 2019) ("The Court agrees with the other courts in this district and finds no federal jurisdiction exists because Plaintiffs adequately allege a non-ADA theory of UCRA violation.").

QVC does not attempt to distinguish these cases; instead, QVC repeatedly contradicts the allegations in the Complaint by arguing that "Plaintiff's Unruh Act claim relies exclusively on alleged violations of the ADA," even asserting that "Plaintiff nowhere alleges that [QVC] *intentionally* discriminated."  (Opposition at 12-13) (emphasis in the original).  As discussed above, this argument is flat-out wrong; Paragraph 24 of the Complaint specifically alleges that QVC's actions "constitute intentional discrimination."  Whether Plaintiff will ultimately prevail on the intentional discrimination claim is not before the Court; because Plaintiff has pled a non-ADA alternative for the Unruh Act claim, this Court lacks federal question jurisdiction over this action.

At the hearing, QVC changed its argument somewhat.  The focus of QVC's Opposition was the incorrect assertion that there was no allegation related to intentional discrimination in the Complaint.  QVC asserted an alternate argument in a footnote, which it elaborated on at the hearing, that because Plaintiff's intentional discrimination allegations were conclusory, the only *viable* basis for Plaintiff's Unruh Act claim was the ADA.  However, the numerous cases cited above do not undertake any such analysis regarding the sufficiency of a plaintiff's intentional discrimination claim, and several explicitly state that the merits analysis asked for by QVC is improper at this stage.  *Martinez*, 2019 WL 4742299, at *2 ("[R]egarding the viability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-4561-MWF (PLAx)  Date:  July 21, 2020
Title:    Abelardo Martinez v. QVC, Inc.

of Plaintiff's non-ADA theory . . . the Court cannot consider the merits of a claim for which it has not otherwise established jurisdiction. Whether Plaintiff's non-ADA theory is viable as a matter of state law is a question for the state court."); *Rendon*, 2020 WL 65075, at *2 ("[T]he merits of [plaintiff's] Unruh [Act] claim are not presently before the Court.").

The Court further notes that QVC provides no authority in support of its implicit argument that the Court can ignore deficiently pled allegations when determining federal question jurisdiction. And while QVC cited *Earll v. eBay, Inc.*, 599 F.App'x 695 (9th Cir. 2015), that case only dealt with whether an intentional discrimination allegation was sufficiently pled under Rule 12(b)(6), and did not purport to perform any sort of jurisdictional analysis.

*Third*, the Court is not going to require Plaintiff to clarify anything regarding his Unruh Act claim. QVC requests that "[a]t the absolute minimum, the Court should order Plaintiff to clarify that he is not proceeding by premising their Unruh Act claim exclusively on the ADA – that is he is intending to prove that Defendants intentionally and willfully discriminated against Plaintiff." (Opposition at 13). As discussed, the allegations in the Complaint *explicitly* provide an answer to QVC's request; Plaintiff is pursuing the Unruh Act claim on two alternative theories, one of which has nothing to do with the ADA.

The Court will not award sanctions to Plaintiff based on QVC's Opposition because of the footnote. However, QVC in the future should not make statements that are not true, which in the Court's view is what happened in the Opposition.

## III.  CONCLUSION

The Motion is **GRANTED**. The Court **REMANDS** this action to the Los Angeles County Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 20-4561-MWF (PLAx) | **Date:** July 21, 2020 |
| **Title:** | Abelardo Martinez v. QVC, Inc. | |

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action.

IT IS SO ORDERED.